In re Beverly B. STRAUGHN, a/k/a Beverly Ann Straughn, Debtor.

**BANK OF DELAWARE, Plaintiff,**

v.

**William I. HOUGHTON, Sheriff, New Castle County, Defendant.**

Bankruptcy No. 80–315.
Adv. No. A–80–82.

United States Bankruptcy Court, D. Delaware.

Dec. 12, 1980.

Edward L. Burge, Wilmington, Del., Bank of Delaware, for plaintiff.

Theodore F. Sandstrom, Wilmington, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

On December 4, 1980, the Bank of Delaware filed with this court an application for removal from the Superior Court of the State of Delaware of a petition for an order directing the Bank to pay sheriff's costs in the sum of $1,236.20. The petition for costs was filed in the case of Bank of Delaware v. Master Mechanical, Inc., Robert O. Straughn and Beverly B. Straughn, C.A. No. 78C–OC–64. The costs were incurred as the result of the Bank's effort to execute on a judgment it had obtained against the defendants. A sheriff's sale scheduled for September 9, 1980, was stayed because one of the defendants, Beverly B. Straughn, filed on September 5 a Chapter 11 petition in this court.

The Bankruptcy Reform Act of 1978 made sweeping changes with respect to the jurisdiction of bankruptcy courts. It added to title 28 of the United States Code a new Chapter 90 (§§ 1471–1481) which became effective by virtue of § 405(b) of the Act on October 1, 1979.

Section 1471(b), in pertinent part, provides that this court has original but not exclusive jurisdiction of all civil proceedings related to cases under title 11 of the United States Code. Gone are the time-consuming arguments over summary/plenary jurisdiction. The plain meaning of subsections (b) and (c) of § 1471 is that bankruptcy courts can now try virtually any civil case. Thus, a foreclosure proceeding and any proceed-ing within that action is within this court's jurisdiction.

Had removal of the foreclosure proceeding been sought within the time limits of Interim Rule 7004, this court had the power to remove it under § 1478. The language of § 1478 is likewise broad enough to allow for removal of a portion of a proceeding if what is being sought to be removed is a severable claim or cause of action. Consequently, the filing for removal of the petition for costs is timely under Interim Rule 7004.

But, along with the sweeping jurisdictional grants, bankruptcy courts were given the discretion to abstain from the exercise of jurisdiction. In this instance, this court ought not to exercise its jurisdiction for the reason that the question of responsibility for costs incurred in a state proceeding should be decided in the state court.