**In re SENTINEL BONDING AGENCY, INC., Debtor.**

**No. CIV–81–1377–D.**

United States District Court, W.D. Oklahoma.

Nov. 20, 1981.

Stephen Jones, Enid, Okl., and Robert C. Bailey, Oklahoma City, Okl., for applicant.

G. Blaine Schwabe, III, Oklahoma City, Okl., for respondent.

## ORDER DENYING LEAVE TO APPEAL

DAUGHERTY, District Judge.

Sentinel Bonding Agency, Inc. ("Sentinel"), a voluntary Chapter 11 petitioner, has applied to this Court for leave to appeal, under 28 U.S.C. § 1334(b), an Order of the Bankruptcy Court for the Western District of Oklahoma in Case No. 80–01639, entered by the Honorable Robert L. Berry, Bank-

ruptcy Judge, which lifted the automatic stay of 11 U.S.C. § 362(a) to permit full prosecution of Case No. CV–80–02044 PJH (Kx), *Surety Insurance Co. of California v. Sentinel Bonding Agency, Inc., et al.,* pending in the United States District Court for the Central District of California ("the California case"). Under this Order, the Bankruptcy Court also abstained from hearing two adversary proceedings pending before it involving the same issues as the California case.

The questions presented by the Application of Sentinel to this Court are (1) whether the Order to be appealed is appealable as to (a) the lifting of the stay and (b) the abstention from hearing the adversary proceedings and (2) whether leave to appeal should be granted. We answer question 1(a) in the affirmative and the other questions in the negative.

Sentinel had a contract with Surety Insurance Company of California ("Surety"). Richard F. Jones ("Jones") entered into an agreement with Surety to guarantee the performance of Sentinel under said contract. Jones was the principal stockholder, Chairman of the Board of Directors and President of Sentinel. Out of these relations arose allegations of breach of contract, fraud in the inducement, interference with contracts, and others.

Surety sued first. It filed the California case against Sentinel and Jones. Two days later, Jones, without Sentinel, filed an action against Surety in State court in Oklahoma. Seven days later, a bank in Oklahoma filed a separate action in State court in Oklahoma against Sentinel, Jones, and Surety. Cross-claims were filed by Sentinel and Surety against each other in this action. Both State actions were subsequently removed to the Bankruptcy Court of this District.

After the filing of the State actions, Sentinel filed its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, Title 11, U.S.C., commencing Case No. 80–01639 in the Bankruptcy Court of this District. It is in connection with this case that the two State actions were subse-

quently removed to the Bankruptcy Court where they pend as Adversary No. 80–0239 and Adversary 80–0250, respectively.

Sentinel and Surety agree in this Court that the issues between them in the two adversary cases pending in the Bankruptcy Court are substantially identical to the issues between them in the California case. The filing of the Chapter 11 petition automatically stayed the California case as to Sentinel. But the stay did not affect the California case as to Jones. The Order from which this appeal is sought to be taken lifted this stay on September 23, 1981.

The California case is now far advanced. The court therein, upon receiving notice of the Chapter 11 case, initially stayed all proceedings therein but later lifted its stay as to the individual defendant Jones on March 25, 1981. It has now issued a pretrial order defining the issues, and has set the case for jury trial as to Jones on December 14, 1981. Hence, the California case will proceed to trial. The issues therein intimately involve the debtor Sentinel, and it appears from the briefs of the parties that the witnesses required by the claims by and against Jones will include some, if not all, of the witnesses required by the claims involving Sentinel.

In its Application, Sentinel argues, as its sole ground for appeal, that the Bankruptcy Court in Oklahoma would be a more convenient forum than the district court in California. It says that its success in its claims against Surety is essential to its rehabilitation, but that the cost of pursuing its claims in California, due to the number of its witnesses in and near Oklahoma, would prevent a vigorous prosecution of those claims. It requests to "be allowed to litigate those issues in a forum where it is not crippled by its financial inability to prosecute its claims."

In its response brief, Surety points out that the abstention is not reviewable by appeal or otherwise and then goes on to argue that the lifting of the stay merely implements the abstention decision and is therefore also unreviewable. To this, Sentinel responds that the lifting of the stay is

separable from the abstention decision and therefore is appealable. Sentinel does not dispute Surety's contention that the abstention is not appealable.

■ The jurisdiction of this Court over appeals from the Bankruptcy Court of this District is governed first by the transitional provisions of the new Bankruptcy Act, Pub.L. 95–598, Nov. 6, 1978, which apply until April 1, 1984, under Title IV, § 402(b) of the Act. The transitional provisions, Title IV, § 405(c), codified as a note preceding 28 U.S.C. § 1471, provide, in pertinent part:

> (c)(1) During the transition period, an appeal from a judgment, order, or decree of a United States bankruptcy judge shall be—

>     \*    \*    \*    \*    \*    \*

> . . .; or

> (C) to the district court for the district in which the bankruptcy judge sits.

> (2) During the transition period the jurisdiction of the district courts . . . to hear appeals shall be the same as the jurisdiction of such courts . . . granted under the amendments made by section . . . 238 [which amended 1334 of this Title] . . . to hear appeals from the judgments, orders, and decrees of the bankruptcy courts. . . .

Section 238 (28 U.S.C. § 1334) provides, in pertinent part:

> (b) The district courts for such district shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

The last above provision is applicable to the lifting of an automatic stay as shown by the legislative history of Public Law 95–598, H.R.Rep. No. 595, 95th Cong., 2d Sess., at 343 (1978), U.S. Code Congressional and Administrative News (1978), 5787 at 6300, which reveals that by "interlocutory orders," Congress intended to include orders lifting an automatic stay under 11 U.S.C. § 362(a). *See* 3 Collier on Bankruptcy,

§ 3.03, at 3–311 (1981). Hence, the Court concludes that the Order is appealable as to the lifting of the stay.

■ However, the Order also embodied the decision of the Bankruptcy Court to abstain from hearing the adversary proceedings pending before it as to Sentinel, Jones, and Surety. This part of the Order is not appealable, under 28 U.S.C. § 1471(d), enacted by Pub.L. 95–598, § 241, and made applicable during the transition period by § 405(c); *In re: Covey*, 650 F.2d 877 (7th Cir.1981). It is undisputed by Sentinel that the adversary proceedings are "particular proceedings arising in or related to a case under Title 11", within the meaning of that language in 28 U.S.C. § 1471(d). Therefore, the Court concludes that the decision to abstain is unreviewable.

11 U.S.C. § 362(d) requires a bankruptcy court to grant a requesting party (Surety) relief from the stay "for cause," and § 362(g) places the burden of proof, as to the issue of cause, upon the party opposing such relief (Sentinel). The legislative history of this language shows that Congress clearly intended that a Bankruptcy Court should have the discretion to restore jurisdiction to another court which has been automatically stayed by the filing of the bankruptcy case upon such "cause" as a "desire to permit an action to proceed to completion in another tribunal . . . ." Legislative History, H.R.Rep. No. 595, 95th Cong., 2d Sess., at 343 (1978), U.S.Code Cong. & Admin.News (1978), at 6300.

■ Further, Congress recognized that such discretion would have to be exercised frequently in connection with unreviewable decisions to abstain under 28 U.S.C. § 1471(d). In discussing such abstentions, the Legislative History indicates that Congress expected that:

> "The bankruptcy courts will not abstain, however, when no other court, Federal, state, or local, has jurisdiction over the proceeding in question. That clearly would not be in the interests of justice." H.R.Rep. No. 595, 95th Cong., 2d Sess., at 446 (1978); U.S.Code Cong. & Admin. News (1978) at 6401.

Clearly, Congress intended that a Bankruptcy Court should not use its powers to deprive parties of a forum for their dispute.

 Our function and duty, in considering the instant application for leave to appeal, is not to consider the merits of the decision to be appealed, but to determine whether the court below has stated some rational or reasonable basis for its decision, or whether, on the other hand, the applicant has shown this Court that the court below has acted arbitrarily or capriciously or abused its discretion. The applicant herein has shown no such grounds. We find valid reasons and clear purpose in the Order of the Bankruptcy Court modifying the stay. The same will permit the issues involved to be determined early by a tribunal ready to entertain the same and will also prevent two different courts from deciding the same issues.

The application is denied.