ARNOLD, Circuit Judge.
 

 American National Bank & Trust Company, a creditor of the debtor, Med General, appeals an order of the Bankruptcy Court
 
 [1]
 
 denying its motion to commence adversary proceedings in the Bankruptcy Court to collect certain accounts of the debtor which are in individual amounts of less than $10,-000. Because the questioned order is one of abstention under 28 U.S.C. § 1471(d), and thus not reviewable on appeal or otherwise, we dismiss the appeal for lack of jurisdiction.
 

 I.
 

 Med General filed a voluntary petition seeking a reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101
 
 et seq.,
 
 on May 6, 1980. At the time of the filing of the petition, American held a perfected security interest in all accounts receivable of Med General. American also provided additional financing to Med General during the pendency of the case, for which it was granted a security interest in all accounts generated after the filing of the petition.
 

 On August 28, 1980, the Bankruptcy Court granted American partial relief from the automatic stay imposed by 11 U.S.C. § 362. American received authority to collect the outstanding accounts of Med General and to retain special counsel for the purpose of commencing, when necessary, court proceedings for this purpose. Thereafter, on December 1, 1980, the debtor filed its Amended Plan of Reorganization. Under the plan, as clarified by the Bankruptcy Court, American is entitled to receive a
 
 *718
 
 certain share of the proceeds from collection of the outstanding accounts. The remaining share of the proceeds is to be paid to certain unsecured creditors of Med General.
 

 In the meantime, on October 6, 1980, the Bankruptcy Court for the District of Minnesota entered a “General Order in Bankruptcy,” not captioned in any particular case or proceeding, announcing its intention to abstain from hearing any adversary proceeding in which a trustee, including a debtor in possession, seeks to collect a debt, if the amount in controversy is less than $10,000. The General Order, which was signed by all five judges of the Bankruptcy Court, added, however, that “in the interest of justice, on any equitable ground or for the purpose of expediting the conclusion of a pending bankruptcy case, the court may nevertheless determine by order upon application to hear any particular proceeding.” Thus, absent an order making an exception to this general policy, parties seeking to enforce debts owed to the debtor are remitted to their other remedies, including an action in the state courts having jurisdiction of the person alleged to owe the debtor money.
 

 American, no doubt apprehensive that the General Order might prevent its using the Bankruptcy Court as a forum for the collection of smaller claims, made a motion, on January 26, 1981, that it be allowed to commence adversary proceedings to collect accounts receivable of Med General without regard to the amount in controversy. (Although American is neither a trustee nor a debtor in possession, it is seeking to collect debts owed to the debtor in possession, for the benefit of the debtor’s estate, so it seems to come within the spirit, if not the letter, of the General Order.) American’s motion was denied on February 23, 1981. The court noted that 95 of the 144 outstanding, active accounts of Med General involved non-resident account debtors owing less than $10,000, and that special counsel had previously instituted collection actions in the Bankruptcy Court on numerous accounts of over $10,000. As to the 95 smaller accounts, the court determined that they did not present an exceptional situation so as to warrant a departure from the general policy of abstention. It is from this order that American now appeals.
 
 [2]
 

 The appeal came to this court in a posture different from most appeals, in that there was no adverse party in the Bankruptcy Court, and therefore no appellee in this Court. In order to have the benefit of a response by an adverse party this Court, by letter of November 30, 1981, requested a response on behalf of the Bankruptcy Court. In response to this invitation, the judges of the Bankruptcy Court filed a brief and participated, through counsel, in oral argument.
 

 II.
 

 This case is governed by 28 U.S.C. § 1471, set forth in full in the margin.
 
 [3]
 
 The last sentence of subsection (d) is hardly
 
 *719
 
 ambiguous. Neither this Court, nor any other, may review a bankruptcy court’s order abstaining from hearing a particular proceeding related to a case under Title 11 “by appeal or otherwise.” The statute precludes review by mandamus just as unequivocally as review by appeal.
 
 [4]
 
 American’s motion of January 26, 1981, which the Bankruptcy Court denied, was a request that “particular proceedings” for collection of smaller debts be entertained. The legislative history indicates that the term “proceeding” was intended to have a broad meaning in the Bankruptcy Code.
 

 The term “proceeding” is used instead of “matters and proceedings,” the terminology currently used in the Bankruptcy Act and Rules. As used in this section
 
 everything that occurs in a bankruptcy case is a proceeding.
 
 Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under current bankruptcy law. It also includes .. . disputes related to administrative matters in a bankruptcy case.
 

 S.Rep.No.95-989, 95th Cong., 2d Sess. 153-54,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5787, 5939-40.
 
 [5]
 
 (Emphasis ours). The order questioned here cannot plausibly be characterized as anything but a decision to abstain in a particular proceeding, and the clear command of § 1471(d) is that such orders are not reviewable.
 

 American would have us treat this appeal as a challenge to the General Order of October 6. On this theory, the decision below would arguably not be an “abstention] from hearing a
 
 particular
 
 proceeding” within the meaning of § 1471. The argument is strained and unworkable. The General Order is nothing more than a set of guidelines promulgated by the Bankruptcy Court (much like a local rule). The order, in and of itself, operates to adjudicate no rights of any particular parties to litigation in the Bankruptcy Court. Nor is the less-than-$10,000 restriction mandatory, there being several grounds that provide the basis for an exception to the general policy. One cannot challenge the rule in the abstract. It is only the application of the General Order to the specific facts of a particular proceeding that gives it any operative effect.
 

 American also suggests that the order contested here cannot be a § 1471(d) abstention order because it relates to accounts owed to the debtor, which are property of which the Bankruptcy Court had exclusive jurisdiction under § 1471(e). Abstention under subsection (d), the argument runs, is appropriate only as to matters of concurrent jurisdiction under subsections (b) and (c), and has no place with respect to matters of exclusive jurisdiction under subsection (e). We disagree for several reasons. Subsection (e) simply codifies the principle that the Bankruptcy Court, when a Title 11 petition is filed, obtains exclusive jurisdiction of the
 
 res
 
 in question, the debt- or’s estate. We do not read the subsection as forbidding the court, at a later stage of the proceeding when the interests of justice require, to remit ancillary matters, like the collection of debts, to other forums. American’s reading of subsection (e) would obliterate much of subsection (d). It would compel the courts of bankruptcy, even against their will, to draw unto themselves as exclusive forums a great deal of litigation that might more conveniently be handled elsewhere with no loss of substantive rights. Much of the jurisdiction now conferred on the bankruptcy courts is new, a creature of the reform of 1978. Section 1471(d) was intended by Congress to give those courts the flexibility to handle their new powers judiciously.
 

 
 *720
 
 American also says that the abstention order is unconstitutional. It complains that the order takes its property without due process of law, in violation of the Fifth Amendment. Congress has undoubted power to adjust the jurisdiction of the bankruptcy courts, but it cannot, it might be argued, commit to those Article I courts the power to decide federal constitutional questions free of review by Article III courts. We find it unnecessary to pursue this possible exception to the Section 1471(d) prohibition of review, because here the constitutional claim tendered is plainly insubstantial. American has been deprived of no property. It has simply lost one newly created remedy. Other adequate remedies remain. That they are more expensive and less convenient for American raises no issue of constitutional dignity.
 
 [6]
 

 The appeal is dismissed for want of jurisdiction. If the appeal is treated as a petition for mandamus, the petition is dismissed for want of jurisdiction.
 

 It is so ordered.
 

 [1]
 

 . The Hon. Kenneth G. Owens, United States Bankruptcy Judge for the District of Minnesota.
 

 [2]
 

 . On March 19, 1981, American filed an individual complaint to collect an account in an amount less than $10,000. The complaint was dismissed on March 23, 1981, on the basis of the Bankruptcy Court’s adherence to its previously expressed intention to abstain. No notice of appeal was filed from this order, so we have no jurisdiction to review it on any theory, but nothing turns on the fact that the only order appealed is the earlier one, entered on February 23, 1981.
 

 [3]
 

 . 28 U.S.C. § 1471 reads:
 

 (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
 

 (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
 

 (c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.
 

 (d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.
 

 (e) The bankruptcy court in which a case under title 11 is commenced shall have exclu
 
 *719
 
 sive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.
 

 [4]
 

 . The phrase “not reviewable by appeal or otherwise” was recently construed in
 
 In re Covey,
 
 650 F.2d 877 (7th Cir. 1981), to mean that such appeals were “barred by the plain language of the statutes,”
 
 id.
 
 at 879, and that “the statutory prohibition against appellate review is clear and, therefore, conclusive,”
 
 id.
 
 at 880.
 

 [5]
 

 . Like comments are contained in H.R.Rep.No. 95-595, 95th Cong., 2d Sess. 445,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5963, 6400-01.
 

 [6]
 

 . Compare H.R.Rep.No.95-595,
 
 supra,
 
 at 446,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News, at 6401, indicating that abstention “clearly would not be in the interest of justice” when no other court has jurisdiction,