In re AUBURN MEDICAL REALTY,
Auburn Medical Associates,
Inc., Debtors.

Charles E. BONARDI, Plaintiff,

v.

Roland CARON, Auburn Medical Assoc.
Inc., Auburn Medical Realty, a limited
partnership, Defendants.

Appeal of Roland CARON.

Bankruptcy No. 81–9011.

United States Bankruptcy Appellate Panels
for the First Circuit.

March 29, 1982.

Lappin, Rosen, Goldberg, Slavet, Levenson & Wekstein by Jerome E. Rosen, Nelson P. Lovins and Mitchell H. Cohen, Boston, Mass., for appellant Roland Caron.

Before CYR, Chief Judge *, and VOTOLATO and JOHNSON, Bankruptcy Judges.

JOHNSON, Bankruptcy Judge.

The issue presented on this appeal is whether the bankruptcy court correctly held that it lacked jurisdiction of the appellant, Dr. Roland Caron [Caron], in these adversary proceedings.

Auburn Medical Realty [Realty] and Auburn Medical Associates, Inc. [Associates] are Chapter 11 debtors.[1] Associates is a Massachusetts corporation and Realty is a limited partnership. Caron, a general partner in Realty, is also a shareholder, president and treasurer of Associates. Realty owns land and buildings known as Auburn Medical Center. Associates, a Massachusetts Professional Corporation of physicians, operates as a tenant within the medical center.

On December 20, 1979, prior to the filing of the Debtors' Chapter 11 petitions, Charles E. Bonardi, Jr. [Bonardi], the Appellee, commenced an action in Massachusetts state court against Associates, Realty and Caron. That action was removed to the bankruptcy court after the Debtors' Chapter 11 petitions were filed. Bonardi, operator of a cleaning service, asserted a claim against Associates for cleaning services performed at the medical center. He

---

* Cyr, C. J. sat at oral argument; because of his subsequent appointment to the U.S. District Court he did not participate in this opinion.

1. The Bankruptcy Court ordered joint administration of the two cases.

also asserted a claim against Realty and/or Caron for a ten percent (10%) interest in the real estate owned by Realty, Realty's sole asset, as compensation for services rendered to Caron individually, to Realty and to Associates in locating a site for the medical center, supervising its construction and development of the business.

After an extended trial the court concluded that 1) Associates was indebted to Bonardi in the amount of $16,366.46 for cleaning services; 2) Bonardi had established a claim to a ten percent (10%) interest in Realty, the partnership, but not a ten percent (10%) interest in the real estate owned by Realty; and 3) the bankruptcy court was without jurisdiction to adjudicate any claim Bonardi might have against Caron individually. Only the third ruling is before us on this appeal.[2]

Prior to trial, a motion to vacate, remove or decline jurisdiction was denied in open court after a hearing. The court then assumed jurisdiction over the removed proceedings, including jurisdiction over Caron. Following the trial on the merits, the bankruptcy court reversed itself and held it lacked jurisdiction of Caron individually because Caron was not a debtor in any bankruptcy proceeding before the court. Accordingly, the bankruptcy court declined for lack of jurisdiction to determine the merits of the Bonardi claim against Caron individually.

 Upon the filing of Realty's and Associates' Chapter 11 petitions, the bankruptcy court acquired original but not exclusive jurisdiction of all civil proceedings arising in or related to these title 11 cases. *Bank of Delaware v. Houghton (In re Straughn),* 10 B.R. 28, 29, 7 B.C.D. (CRR) 564, 4 C.B. C.2d 123 (Bkrtcy.D.Del.1980); *Scott v. Fort Ord Federal Credit Union (In re G. Weeks Securities, Inc.),* 5 B.R. 220, 224, 2 C.B.C.2d

544 (Bkrtcy.W.D.Tenn.1980); 28 U.S.C. § 1471(b)[3] and (c);[4] *see In re Green Tie Realty Corporation,* 14 B.R. 923, 8 B.C.D. (CRR) 274, 279, 5 C.B.C.2d 881 (Bkrtcy.S.D. N.Y.1981); *Briney v. Burley (In re Burley),* 11 B.R. 369, 7 B.C.D. (CRR) 861 (Bkrtcy.C. D.Cal.1981). The jurisdictional grant of section 1471, which substantially enlarged the jurisdiction of the bankruptcy courts, was carefully considered by the Congress. The legislative history of this section reveals the congressional intent:

> Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 445–46 (1977); *see* S.Rep. No. 989, 95th Cong., 2d Sess. 153 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6400; *see also* 1 *Collier on Bankruptcy* ¶ 3.01 (15th ed. 1980), at 3–39—3–47. "The plain meaning of subsections (b) and (c) of § 1471 is that bankruptcy courts can now try virtually any civil case." *Bank of Delaware v. Houghton (In re Straughn),* 10 B.R. 28, 29, 7 B.C.D. (CRR) 564, 4 C.B.C.2d 123 (Bkrtcy.D.Del.1980); *contra Marathon Pipeline Co. v. Northern Pipeline Const. Co.,* 12 B.R. 946, 5 C.B.C.2d

---

**2.** Bonardi filed a notice of appeal as to other parts of the order but failed to perfect his appeal.

**3.** Section 1471(b) of Title 28 of the United States Code provides:

 . . . [T]he district courts shall have original but not exclusive jurisdiction of all civil pro-

ceedings arising under title 11 or arising in or related to cases under title 11.

**4.** 28 U.S.C. § 1471(c) provides:

 The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(M.B.) 114, 7 B.C.D. (CRR) 1373 (D.C.D. Minn.) *prob. juris. noted,* —— U.S. ——, 102 S.Ct. 564, 70 L.Ed.2d 472 (1981).

■ There is no question that the civil action brought by Bonardi against Realty and Caron individually demanding a 10% interest in the real property of the debtor Realty is a civil proceeding arising in or related to these chapter 11 proceedings. *See Hurt v. Cypress Bank (In re Hurt)*, 9 B.R. 749, 753, 7 B.C.D. (CRR) 398, 4 C.B. C.2d (M.B.) 26 (Bkrtcy.N.D.Ga.1981). There is also no question that Bonardi's action pertained to property of Realty, a debtor, in that he sought a determination that he is entitled to ten percent (10%) of the real estate owned by Realty. The bankruptcy court has exclusive jurisdiction of all the property of a debtor regardless of location after the commencement of a case under the provisions of 28 U.S.C. § 1471(e).[5] *See In re Green Tie Realty Corporation*, 14 B.R. 923, 930, 8 B.C.D. (CRR) 274, 5 C.B.C.2d 881 (Bkrtcy.S.D.N.Y.1981); *Coleman American Companies, Inc. v. Littleton National Bank (In re Coleman American Companies, Inc.)* 8 B.R. 384 (Bkrtcy.D.Kan.1981).

■ The subject matter jurisdictional grant of Section 1471(b)(c) & (e) permits the bankruptcy court to determine whether Bonardi has an ownership interest in the property of Realty. Whether an interest, if found, is the result of Caron's alleged liability raises the question of the bankruptcy court's jurisdiction over a non-debtor party defendant. We find that Caron is a necessary party over whom the bankruptcy court has *in personam* jurisdiction and that the court has subject matter jurisdiction of the claim against him irrespective of Caron's non-debtor status.

Enactment of section 1471 not only significantly expanded subject matter jurisdic-

tion of the bankruptcy court but also granted *in personam* and *in rem* jurisdiction in the bankruptcy court to handle everything that arises in a bankruptcy case. *Nixon Machinery Co. v. Roy Energy, Inc. (In re Nixon Machinery Co.)*, 15 B.R. 131, 132, 8 B.C.D. (CRR) 373 (Bkrtcy.E.D.Tenn.1981); H.R.Rep.No. 595, 95th Cong. 1st Sess. 445 (1977); S.Rep.No. 989, 95th Cong.2d Sess. 153 (1978).

■ Caron was a necessary party defendant to the proceeding in the bankruptcy court. Bankr.R. 719[6] provides, as pertinent:

(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the proceeding if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the proceeding and is so situated that the disposition of the proceeding in his absence may (i) as a practical matter impair or impede his ability to protect that interest.... If he has not been so joined, the court shall order that he be made a party.

Caron's interest in Bonardi's action directly flows from his contract with Bonardi and as a general partner of Realty, the limited partnership. Bonardi's action seeks a ten percent (10%) interest in real property, a portion of which is owned by Realty with the remainder owned by Caron,[7] in accordance with his contract with Caron. Caron's liability, through the determination of what consideration he promised Bonardi in this contract, is central to a resolution of Bonardi's rights to the real property of Realty as well as to that of Caron. Where alleged rights arise from a contract all parties to the contract must be joined. *Ward v. Deavers*, 203 F.2d 72, 75 (D.C.Cir.1953); *Ja-*

---

5. 28 U.S.C. § 1471(e) provides:

The bankruptcy court in which a case under title 11 is commenced shall have *exclusive jurisdiction* of all of the property, wherever located, of the debtor, as of the commencement of such case. (emphasis added).

6. Bankruptcy Rule 719 is applicable to all adversary proceedings commenced in the bank-

ruptcy court. Bankr.R. 701. This rule is basically an adaptation of Rule 19 of the Federal Rules of Civil Procedure. Bankr.R. 719 Advisory Committee Note.

7. The land located by Bonardi for Caron consisted of 9.5 acres. Five acres was conveyed to Realty by Caron, the remaining 4.5 acres was retained by Caron.

pan *Petroleum Co. v. Ashland Oil, Inc.*, 456 F.Supp. 831, 836 (D.Del.1978).

■ Bonardi's complaint also asserts that Caron contracted as an individual and/or as agent of the partnership.[8] Acts of an agent of the partnership bind the partnership. Mass.Gen.Laws Ann. ch. 108A, § 9 (West). As a general partner of Realty, notwithstanding relief being granted the partnership under the Bankruptcy Code, Caron is liable for the pre-petition obligations of the partnership. Mass.Gen. Laws Ann. ch. 109, §§ 1, 7 & 9 (West); *Id.* ch. 108A, §§ 15(a) & 36;[9] *see* 11 U.S.C. § 723(a) & (b).

■ The bankruptcy court's conclusion that Bonardi held a valid claim against Associates for cleaning services and a 10% partnership interest in the partnership assets of Realty cannot negate the fact Caron is a necessary party. The bankruptcy court's finding that all counts of Bonardi's complaint pertaining to Caron's fraud, deceit or misrepresentations were not supported by the record is a direct finding of no liability on the part of Caron, individually, for these alleged wrongs. A finding by the bankruptcy court that Caron was not liable to Bonardi for fraud, deceit or misrepresentation does not result in relinquishment of jurisdiction over Caron. It is the relief requested rather than the relief granted that determines whether or not Caron is a necessary (or indispensable) party. *Young v. Powell*, 179 F.2d 147, 151–52 (5th Cir.) *cert. den.* 339 U.S. 948, 70 S.Ct. 804, 94 L.Ed. 1362 (1950). *See* 3A Moore's Federal Practice ¶ 19.07[1] (2d ed.) at 19–104.

The bankruptcy court appropriately exercised jurisdiction over Caron by proceeding

8. The issue of whether Caron as an individual or partner could and did disperse a real property interest of the partnership or grant a limited partnership interest for services is not before this Appellate panel and need not be decided to resolve the status of Caron as a party.

9. Whether Caron is a proper, necessary or indispensable party is a procedural issue governed by federal rules. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968);

to trial on the merits. Its later determination that it lacked jurisdiction of Caron individually is reversed and the proceeding remanded for further findings consistent with this opinion.

*Baker v. Dale*, 123 F.Supp. 364, 367 (W.D.Mo. 1954). The federal Rule "commands the courts to examine each controversy to make certain that the interest exists." *Provident Tradesmens Bank & Trust Co. v. Patterson, supra* 390 U.S. at 119, 88 S.Ct. at 743, which means the status of a party in a particular case depends upon the substantive law of the state. *Baker v. Dale, supra*; 3A Moore's Federal Practice ¶ 19.07[1] (2d ed.) n. 16 at 19 110.