**In re SCIENTIFIC COMPUTERS, INC., a Minnesota corporation, Plaintiff,**

**v.**

**NEUROMEDICS, INC., a Texas corporation, Defendant, arising in or related to bankruptcy case of: Med General, Inc., a Minnesota corporation, Debtor.**

Adv. No. 4–82–136(O).

Bankruptcy No. 4–80–584(O).

United States Bankruptcy Court, D. Minnesota.

May 21, 1982.

David P. Jendrzejek, Minneapolis, Minn., for plaintiff.

William D. Hull, Minneapolis, Minn., for defendant.

## MEMORANDUM

KENNETH G. OWENS, Bankruptcy Judge.

The motion to which this order responds sought dismissal of the adversary proceeding as outside the statutory limits of jurisdiction of this bankruptcy court (28 U.S.C. § 1471) or as outside the constitutionally permitted jurisdiction of an Article I court, *Marathon Pipeline Co. v. Northern Pipeline*, 12 B.R. 946 (D.C.1981), probable jurisdiction noted —— U.S. ——, 102 S.Ct. 564, 70 L.Ed.2d 472, or in the alternative, to abstain (28 U.S.C. Section 1471(d)).

---

The statutory expression of jurisdiction in Section 1471(b) and (c) is drawn in the most expansive terms, the outer parameter requiring only that a civil proceeding be one "arising under Title 11, or arising in or related to cases under Title 11". The claimed basis of jurisdiction here is that the proceeding is related to the Chapter 11 reorganization proceeding of Med General, Inc.

The present action is one seeking recovery for alleged breach of contract. The plaintiff Scientific Computers, Inc. (hereafter "SCI") alleges it entered into a contract with the reorganization debtor Med General, Inc. on August 30, 1977 to supply computer services. SCI alleges Med General, Inc. breached the contract resulting in damage to SCI of $58,376.43. Med General, Inc. filed its petition for reorganization under Chapter 11 of the Bankruptcy Code. On October 12, 1980, the present defendant Neuromedics, Inc. entered into a contract to purchase substantially all of Med General's assets. The purchase agreement was approved by this court by order dated November 17, 1980. The purchase agreement details the property purchased and the obligations assumed by Neuromedics, Inc. and Schedule B attached to the agreement specifically lists the contracts of Med General, Inc. which the purchaser accepted and agreed to perform.

SCI contends that Neuromedics assumed the SCI Med General, Inc. contract and its obligations. The issues in this adversary proceeding necessarily involve whether Neuromedics, in fact, assumed the obligations of the contract, the interpretation of the contract, whether breached, and the damage, if any.

The SCI claim is hinged on a claimed assumption of the contract. That question does not involve any peculiarities of bankruptcy law, merely interpretation governed by state law of the Med General-Neuromedics contract of purchase. Resolution of other issues also depends on state law, the proper interpretation of the SCI-Med General contract. The proceeding accordingly, if cognizable at all in this court, could only

qualify as a proceeding "related to" the Chapter 11 case. It is a proceeding to which the reorganization debtor is not a party and which does not deal with present property of the debtor's estate. Accordingly if within this court's jurisdiction, it lies at its outer limits, and is of a kind, if the constitutional challenge is upheld, outside the ken of an Article I court. See *In re Auburn Medical Realty*, 8 B.C.D. 1107 (Bkrtcy.App. 1st Cir., 1982).

I find it unnecessary to determine the jurisdictional and constitutional questions implicit in the motion to dismiss, since the correct response is by abstention.

Section 1471(d) provides:

" '(d) Section (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise."

Congress apparently recognized that the very broad grant of jurisdiction to the bankruptcy courts made necessary a proper exercise of restraint with respect to those cases where proper judicial administration would prefer certain litigation be dealt with other than in the bankruptcy courts, hence the right to abstain.

This court by general order in the nature of a local rule has expressed its view as to the proper core subject matter of bankruptcy jurisdiction, and the necessity of the court being available to deal expeditiously with that subject matter. Thus the court will generally abstain from adversary proceedings for the collection of accounts receivable in an amount less than $10,000.00. Absent peculiar circumstances, the bankruptcy court in this district generally has indicated an intention to abstain simply to maximize the proper use of the time and resources of the bankruptcy court. The Court of Appeals in discussing the general order recognized the link between breadth of jurisdiction conferred and the necessity in appropriate cases of abstention. Otherwise:

" * * * it would compel the courts of bankruptcy, even against their will, to draw onto themselves as exclusive forums a great deal of litigation that might more conveniently be handled elsewhere with no loss of substantive rights. Much of the jurisdiction now conferred on the bankruptcy courts is new, a creature of the reform of 1978. Section 1471(d) was intended by Congress to give those courts the flexibility to handle their new powers judiciously." *In Re Med General, Inc.,* 672 F.2d 716, 719 (8th Cir. 1982).

In this adversary proceeding, where the subject of the reorganization case is not a party, and which does not deal with present property of the debtor's estate, the court does not merely have an opportunity to abstain but in the proper management of its judicial business an obligation to abstain. Accordingly the correct response in the context of this case is not to speculate on the outer limits of jurisdiction but to abstain.