In re SAPOLIN PAINTS, INC., Debtor.

SAPOLIN PAINTS, INC., Plaintiff,

v.

ROCKY'S HARDWARE, INC., Defendant.

Bankruptcy No. 180–01691–21.

Adv. No. 180–2057–21.

United States Bankruptcy Court, E.D. New York.

June 29, 1983.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for plaintiff-debtor; Richard G. Satin, Garden City, N.Y., of counsel.

Bruce H. Roswick, New York City, for defendant.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

In this adversary proceeding brought by a Chapter 11 debtor-in-possession on December 12, 1980, the defendant, Rocky's Hardware, Inc. ("Rocky's"), has moved to dismiss for lack of subject matter jurisdiction. The complaint asserts a cause of action for goods sold and delivered, and seeks judgment for $38,210.20. Jurisdiction is asserted to be based upon 28 U.S.C. §§ 1471(b) and (c) conferring upon the bankruptcy court original jurisdiction of all civil proceedings arising in, or related to, cases under Title 11 of the United States Code. The defendant in its answer, filed January 23, 1981 and amended February 17, 1981, did not challenge jurisdiction; in answer to the jurisdictional allegations in ¶ 2 of the complaint, the defendant denied knowledge or information sufficient to form a belief, but admitted that the plaintiff purported to ground jurisdiction upon 28 U.S.C. §§ 1471(b) and (c). The defendant also asserted counterclaims.

Thereafter, the defendant moved on June 3, 1981 for an order seeking abstention by the bankruptcy court, or, in the alternative, transfer of the proceeding to the Bankruptcy Court for the District of Massachusetts. The motion was denied on July 21, 1981 without prejudice to its renewal.

On March 1, 1983, the defendant for the first time squarely challenged the jurisdiction of the Court. It moved for an order dismissing this adversary proceeding on the ground that this Court lacks jurisdiction of the subject matter of the complaint, and that 28 U.S.C. § 1471, upon which the plaintiff bases jurisdiction, has been held to be, and is, unconstitutional. In the alternative, defendant moved to have this Court abstain from hearing or determining this proceeding in the interests of justice.

■ While defendant's motion has been pending before this Court, United States District Judge Frank X. Altimari has decided a case which, in all material respects except one, is on all fours with the instant proceeding. *Q1 Corporation v. Reichenstein (In re Q1 Corporation),* 28 B.R. 647 (D.C.E.D.N.Y.1983). In that case, the plaintiff brought an adversary proceeding involving, like this one, a traditional state law breach of contract claim, in which the defendant moved in the bankruptcy court to dismiss for lack of subject matter jurisdiction. Bankruptcy Judge C. Albert Parente transferred the motion to the District Court pursuant to Paragraph (d)(3) of the Emergency Bankruptcy Resolution adopted by the

Eastern District of New York on December 21, 1982. The District Court assigned the case to District Judge Altimari, who held that "beginning on December 25, 1982, the bankruptcy courts ceased to have jurisdiction, under Section 241(a), of the [Bankruptcy Reform] Act, over bankruptcy matters." 28 B.R., at 650. He held his conclusion to be unaffected by the fact that in the proceeding before him, the adversary proceeding had been initiated during the period in which the Supreme Court had stayed the effectiveness of its decision in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The logic of his opinion would appear to compel the same conclusion to be reached even where, as in this case, the adversary proceeding had been initiated prior to *Northern Pipeline*. It follows, therefore, that this Court has lost jurisdiction over the claims of Sapolin Paints, Inc. against Rocky's Hardware, Inc. since the only source of jurisdiction in this Court is § 241(a) of the Bankruptcy Reform Act.[1]

■ That the Bankruptcy Court lacks jurisdiction, however, is not dispositive, because the District Court continues to have jurisdiction. Until March 31, 1984, the Federal District Court, Judge Altimari said, "as a court of bankruptcy, pursuant to Section 405(b) of the [Bankruptcy Reform] Act, may exercise the jurisdictional grant contained in 28 U.S.C. Section 1471(a) and (b), to the extent that such grant is unaffected by the decision in *Northern Pipeline*." 28 B.R., at 651.

Accordingly, he denied the motion to dismiss. Presumably, the District Court would reach the same result here.

■ But the fact that the District Court continues to have jurisdiction does not clothe this Court with authority to decide the motion to abstain, or even to take any further action in this proceeding, other than to certify it to the District Court.

Judge Altimari squarely held that the Emergency Rule does not confer any jurisdiction on the bankruptcy court. All it does is authorize the bankruptcy court to "serve as a 'referee' * * * with regard to related proceedings." 28 B.R., at 655. In the case before him, Judge Altimari, although referring the matter back to Judge Parente, did so only for very limited purposes, which did not include the trial of the issues raised by the pleadings. Thus, the reference back to Judge Parente is far narrower than the Emergency Rule appears to permit, since the Rule would permit such trial.

Applying the principles laid down in *Q1 Corporation* to the present proceeding compels the following conclusions:

1. This bankruptcy court ceased on December 25, 1982 to have subject matter jurisdiction herein.

2. Jurisdiction over this proceeding, however, continues to reside under the District Court pursuant to 28 U.S.C. §§ 1471(a) and (b). It lies with the District Court to decide what role, if any, the bankruptcy court is to play as a "referee" in this proceeding.

3. Unless and until the District Court refers to this Court for decision the issue as to whether the District Court should abstain from hearing this proceeding under 28 U.S.C. § 1471(d), the issue is not within this Court's authority.

While the Court, in the interest of conserving the time of the District Court, would normally assay a recommendation as to abstention, it has concluded that it is not in a position to do so, since whether or not the bankruptcy court (*i.e.*, the District Court exercising its bankruptcy jurisdiction) should abstain from the exercise of such jurisdiction depends upon such considerations as the state of the District Court's calendar and where a speedier resolution is available, whether in the District Court or elsewhere. Only the District Court is familiar with the demands on its time, and it is in the District Court that Judge Altimari

---

1. Section 241(a) of the Bankruptcy Reform Act amended 28 U.S.C. by adding a new chapter 90 which included §§ 1471 through 1482. Section 1471(c) gave the bankruptcy courts the jurisdiction found unconstitutional by the Supreme Court in *Northern Pipeline*.

apparently concluded that trial should be had.

For the foregoing reasons, this Court is denying the motion to dismiss for lack of jurisdiction, but is certifying the entire proceeding to the District Court to determine what role, if any, the bankruptcy court is to play herein, and what issues, if any, are to be referred to it for initial decision.