**In re CHOSAR CORPORATION, Debtor.**

**CHOSAR CORPORATION, et al., Appellants,**

v.

**Beulah OWENS, et al., Appellees.**

Civ. A. No. 84–0210–A.

United States District Court, W.D. Virginia, Abingdon Division.

Aug. 13, 1984.

**3.** *Virginia Code Section* 38.1–449.

S. Strother Smith, Abingdon, Va., for appellees.

Benjamin F. Sutherland, Clintwood, Va., for appellants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The appellants have appealed an Order of the United States Bankruptcy Court for the Western District of Virginia abstaining from hearing the case, remanding the adversary proceeding to the Circuit Court of Dickenson County, Virginia, and lifting the automatic stay of § 362 provided that no monetary claim against the debtor shall be enforced except in bankruptcy court. Four major issues are presented to this court: (1) whether the *Northern Pipeline* decision affected the jurisdiction of the district courts under 28 U.S.C. § 1471(a) and (b) (Supp.1981); (2) whether this court has jurisdiction to review the bankruptcy court order dated May 4, 1984 abstaining from further consideration of the proceeding and remanding it to state court under 28 U.S.C. § 1471(d); (3) whether the order dated May 4, 1984 remanding the proceeding to the state court from which it was removed is appealable under 28 U.S.C. § 1478(b); and (4) whether the decision of *Northern Pipeline* declared the authority of the bankruptcy court to abstain unconstitutional so that the order of May 4, 1984 is an administrative rather than a judicial act and therefore is appealable. Jurisdiction over this matter is based upon 28 U.S.C. § 1334 (Supp.1981), if at all. For the reasons stated below, this appeal is dismissed.

## I. FACTS

On December 1, 1983, the appellees filed a suit in the Circuit Court of Dickenson County, Virginia against the appellants, alleging that the appellants were committing waste and trespass upon their mineral rights by mining and removing coal from their property. The appellants requested injunctive relief, and an accounting of the coal sales, and compensatory and punitive damages. (Record at 61-63). On December 23, 1983, the appellee Chosar Corporation filed a voluntary petition in bankruptcy under Chapter 11 for reorganization. (Record at 27). The debtor also filed an application for removal of the suit in circuit court, contending that the suit was related to the bankruptcy case of the debtor and thus was removable under 28 U.S.C. § 1478(a) (Record at 56-59). During discovery, the appellees filed motions to transfer the case to the district court, to remand, to object to removal and for abstention (Record at 992-95), and for withdrawal of the reference. (Record at 97–99). By Order dated March 20, 1984, this court withdrew the reference and remanded the case to the United States Bankruptcy Court with instructions to lift the automatic stay, after notice and a hearing, and if the plaintiffs showed cause, to grant relief from the stay to permit the suit in circuit court to proceed. On April 19, 1984, the bankruptcy court held the hearing on the automatic stay. After the parties submitted the case on briefs, the bankruptcy judge decided to grant the motion to abstain and remand the case to circuit court; he lifted the automatic stay, allowing the proceeding to continue provided that no monetary claim against the corporate debtor could be enforced except in bankruptcy court. (Record at 139). Later, Judge Pearson denied a motion for stay of this order. (Record at 26). The appellees have filed a motion to dismiss this appeal for lack of jurisdiction. (Record at 18). Since both parties have filed memoranda, the matter is ready for disposition.

## II. JURISDICTION OF DISTRICT COURT

The first issue is whether this court had jurisdiction over the case when it withdrew

the reference pursuant to 28 U.S.C. § 1471 (Supp.1981). That section provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

Clearly Congress intended to bring all litigation concerning the debtor's estate under the umbrella of the bankruptcy court. 1 L. King, *Collier on Bankruptcy* ¶ 3.01[d][ii] at 3–40 (15th ed. 1984).

In the now-famous *Northern Pipeline* decision, the Supreme Court declared part of this provision unconstitutional. That case began as an adversary proceeding in which the debtor Northern Pipeline sought damages for breaches of warranty and contract, misrepresentation, coercion, and duress against Marathon. The latter moved to dismiss on the grounds that the Bankruptcy Reform Act of 1978 unconstitutionally conferred judicial power to persons who were not Article III judges with life tenure and protection against diminution of salary. Ultimately, a plurality of the Court agreed and held that 28 U.S.C. § 1471 unconstitutionally removed judicial power to non-Article III adjuncts. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 84, 102 S.Ct. 2858, 2878, 73 L.Ed.2d 598 (1982). The concurring justices agreed with the plurality on the narrow issue of the bankruptcy court; Mr. Justice Rehnquist wrote, "I would, therefore, hold so much of the Bankruptcy Act of 1978 as enables a Bankruptcy Court to entertain and decide Northern's lawsuit over Marathon's objection to be violative of Art. III of the United States Constitution." *Id.* at 91, 102 S.Ct. at 2881. Moreover, Chief Justice Burger, in his dissenting opinion, characterized the Court's holding as

limited to the proposition stated by Justice Rehnquist in his concurrence in the judgment—that a "traditional" state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an "Article III court" if it is to be heard by any court or agency of the United States. This limited holding, of course, does not suggest that there is something inherently unconstitutional about the new bankruptcy courts; nor does it preclude such courts from adjudicating all but a relatively narrow category of claims "arising under" or "arising in or related to cases under" the Bankruptcy Act.

*Id.* at 92, 102 S.Ct. at 2882. Thus, a majority of the justices agreed that Congress unconstitutionally vested the bankruptcy judges with authority to hear related issues that only an Article III judge may hear. Although the Fourth Circuit Court of Appeals has not interpreted the decision's effect upon the jurisdiction of bankruptcy and district courts, most appellate courts have held uniformly that *Northern Pipeline* does not affect the jurisdictional grant to adjudicate bankruptcy matters vested in the district courts through 28 U.S.C. § 1471(a) and (b). *See Oklahoma Health Services Federal Credit Union v. Webb*, 726 F.2d 624, 625 (10th Cir.1984); *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1577–78 (2d Cir.1983); *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254, 259–61 (6th Cir.1983); *First National Bank v. Hansen (In re Hansen)*, 702 F.2d 728, 729 (8th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983); *Braniff Airways, Inc. v. Civil Aeronautics Board (In re Braniff Airways, Inc.)*, 700 F.2d 214, 215 (5th Cir.), *cert. denied sub nom.*, *American Airlines, Inc. v. Braniff Air-*

*ways, Inc.,* —— U.S. ——, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983).

■ Likewise, Congress has interpreted the *Northern Pipeline* decision the same way as the majority of the courts, for in its recent amendments to correct the bankruptcy court's jurisdiction, the legislators retained the identical language of § 1471(a) and (b) in 28 U.S.C. § 1334(a) and (b) (1981). *See* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (July 10, 1984). After a careful reflection of the cases cited above and the new bankruptcy act, the court is of the opinion that the district court may exercise the jurisdiction conferred upon it under 28 U.S.C. § 1471(a) and (b).

### III. ABSTENTION

■ The second issue presented on appeal is whether this court has jurisdiction to review the bankruptcy court order dated May 4, 1984 abstaining from further consideration and remanding it to state court under 28 U.S.C. § 1471(d).

That section provides:

Subsection (b) or (c) of this section does not prevent a district court or bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. *Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.*

(emphasis added). The statute clearly and unambiguously states that a decision is not reviewable by appeal or otherwise. Congress could not have expressed it more pointedly. *In re Covey,* 650 F.2d 877, 880 (7th Cir.1981). Thus, an appeal of the abstention order is barred by the plain language of the statute, and this prohibition against appellate review is clear. *In re Med General, Inc.,* 672 F.2d 716, 719 n. 4 (8th Cir.1982); *In re Sentinel Bonding Agency, Inc.,* 24 B.R. 551, 553 (W.D.Okla. 1981). The purpose of this statute is summarized in *Collier on Bankruptcy:*

It is in the interests of all concerned to get to the merits of a proceeding as

promptly as possible. Nor did Congress wish to bring in existing litigation over summary-plenary jurisdiction through the guise of abstention motions under section 1471(d). To this end, the decision of the bankruptcy court regarding abstention is final when entered and cannot be attacked either at the time it is made or later. Nor may the decision be collaterally attacked, as by mandamus or other procedure.

1 L. King, *Collier on Bankruptcy* ¶ 3.01[1][f] at 3–54 (15th ed. 1984). Given the plain statutory language and purpose of § 1471(d), this court cannot review an order abstaining from hearing a proceeding.

### IV. REMAND

The third issue presented to the court is whether the order dated May 4, 1984 remanding the proceeding to the state court from which it was removed is appealable under 28 U.S.C. § 1478(b).

That provision states:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. *An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.*

(emphasis added). In an action related to a bankruptcy case, the Fifth Circuit held that it had no jurisdiction to review a remand order of a district court. The bankruptcy judge had assumed removal jurisdiction of a divorce case. On appeal, the district court properly remanded it to state court, concluding that the bankruptcy court lacked jurisdiction over the debtor's marital status. *Compton v. Compton (In re Compton),* 711 F.2d 626, 626-27 (5th Cir. 1983). The statute plainly says that no appeal may be taken from an order to remand a case to state court.

Section 1478(b) provides quite clearly that an order remanding or refusing to remand, a removed claim or cause of action, "is not reviewable by appeals or

otherwise." It is in the interests of all concerned to get to the merits of a proceeding as promptly as possible. To this end, the decision of a bankruptcy court regarding remand is final when entered and cannot be attacked either at the time it is made or later. Nor may the decision be collaterally attacked, as by mandamus or other procedure. This is the clear import of the last sentence of section 1478(b).

1 L. King, *Collier on Bankruptcy* ¶ 3.01[2][f][iii] at 3–80.1 to –81 (15th ed. 1984). Consequently, this court has no jurisdiction to review the bankruptcy judge's decision. *See Harlow v. Sargent,* 14 B.R. 267, 269 (D.Vt.1981) (held § 1478(b) is not unconstitutional *per se* ).

## V. ADMINISTRATIVE ACT

The final issue is whether the decision of *Northern Pipeline* declared the authority of the bankruptcy court to abstain unconstitutional so that the order of May 4, 1984 is an administrative rather than a judicial act and therefore is appealable.

The appellants' argument is ingenious, but the court refrains from adopting it. Assuming *arguendo* that the bankruptcy court lacked jurisdiction under § 1471(d) and § 1478(b) to order the proceeding remanded, this court gave the bankruptcy judge authority to act by its Order of March 20, 1984. The district court retained jurisdiction over bankruptcy matters despite *Northern Pipeline* and under the emergency rule, adopted December 24, 1982 in this district, all cases under title 11 or arising in or related to them were referred to the bankruptcy judges. However, this reference could be withdrawn. "If a reference is withdrawn, the district court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may exercise." Emergency Rule (c)(2). Since the authority of the bankruptcy court is derivative of district court jurisdiction, the bankruptcy judge had authority to act. *See*

*Sapolin Paints, Inc. v. Rocky's Hardware, Inc. (In re Sapolin Paints, Inc.),* 30 B.R. 792, 794 (Bankr.E.D.N.Y.1983) bankruptcy judge certified entire proceeding to district court for determination of what role the bankruptcy court would play, for the district court had referred the proceeding with instructions to decide whether the district court should abstain from hearing the action.

■ Even if this court were to accept the appellants' premise that this action was administrative, the court is of the opinion that the bankruptcy judge's decision is correct. In exceptional instances the bankruptcy and district courts are to abstain.

Historically the abstention doctrine has been invoked in five basic areas, by courts which have nonexclusive jurisdiction. They are:

1. Where it is necessary to determine the constitutionality of a state statute or administrative order under the Federal Constitution in an area where the construction of the pertinent but unclear state law should be interpreted by state courts, which would, perhaps, obviate the necessity for such decision.

. . . .

2. Where a state interest predominates, such as a case involving substantial state policies, for comity, or to achieve a healthy state-federal relationship.

. . . .

3. Where abstention will prevent interference in a state criminal prosecution.

. . . .

4. Where there are unsettled questions of state law.

. . . .

5. Where a state action is pending, federal courts may stay or dismiss the case in the interest of judicial administration, comprehensive disposition of litigation, conservation of judicial resources, or fairness to the parties. . . .

*In re Zamost,* 7 B.R. 859, 862 (Bankr.S.D. Cal.1980) (citations omitted) cited in *Frank-*

*ford Trust Co. v. Allanoff (In re Dublin Properties),* 20 B.R. 616, 623 (Bankr.E.D. Pa.1982). In the case *sub judice,* the controversy requires an interpretation of state property law that the Virginia Supreme Court has never construed. The appellants have raised a constitutional issue about the application of this state law. This case fits squarely under the first exception and properly belongs in state court.

## VI. CONCLUSION

Accordingly, the appellees' motion to appeal is granted.