In re BELL & BECKWITH.

Patrick A. McGRAW, Trustee, Plaintiff,

v.

LIBERTY AIRLINES, INC., et al., Defendants.

Bankruptcy No. C 86–7006.

United States District Court, N.D. Ohio, W.D.

March 27, 1986.

---

## MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge.

This matter is before the Court on defendants' motion for leave to appeal, plaintiff's opposition thereto, defendants' notice of appeal, and plaintiff's motion to dismiss same.

Having timely filed their notice of appeal, see Bankruptcy Rule 8002(a) and FED.R.CIV.P. 6(a), defendants move the Court for leave to appeal the December 10, 1985 interlocutory order of Bankruptcy Judge Richard L. Speer, 55 B.R. 872, denying defendants' motion to dismiss or, in the alternative, to stay proceedings. See 28 U.S.C. § 158(a) and 1334(b).

The bankruptcy court found, *inter alia,* that the instant adversary action is a noncore "related proceeding" which is within the Court's subject matter jurisdiction and which is not subject to the mandatory abstension requirements of 28 U.S.C. § 1334(c)(2). Having determined that abstension was not required, the bankruptcy court further determined that a stay of the instant adversary proceedings would not be in the best interests of the estate. Additionally, the bankruptcy court rejected defendants' assertion that 28 U.S.C. § 157(c) is constitutionally infirm.

Having thoroughly reviewed the record in this case and upon consideration, the Court finds defendants' motion for leave to appeal to be not well taken. The Court further finds that the bankruptcy court stated a rational or reasonable basis for its decision, that said decision appears at first blush to be neither clearly erroneous nor contrary to law, that it appears Bankruptcy Judge Speer did not act arbitrarily or capriciously, nor did he abuse his discretion. See, e.g., *In re Sentinel Bonding Agency, Inc.,* 24 B.R. 551, 553–54 (W.D.Okla.1981). Moreover, the Court finds that no exceptional circumstances exist which warrant this court reviewing the December 10, 1985 interlocutory order of the bankruptcy court. See, e.g., *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 22 B.R. 500, 506–07 (N.D.Ga.1982), *appeal dismissed,* 734 F.2d 794 (11th Cir.1984).

THEREFORE, for the foregoing reasons, good cause appearing, it is

708

ORDERED that defendants' motion for leave to appeal be, and it hereby is, DENIED; and it is

FURTHER ORDERED that defendants' notice of appeal be, and it hereby is, VACATED; and it is

FURTHER ORDERED that this case be TRANSFERRED back to the bankruptcy court for further proceedings.