In re Gary MERCER and Christina Schultz Mercer, Debtors.

Gary MERCER and Christina Schultz Mercer, 4421 State Route 138, Lynchburg, Ohio 45142, Plaintiffs,

v.

Vicki MERCER c/o Charles H. Wilson, Jr., Attorney for Defendant, 108 E. Mulberry Street, West Union, Ohio 45963, Defendant.

Bankruptcy No. 1–80–02448.
Adv. No. 1–81–0142.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Aug. 4, 1981.

Mark A. Kramer, Cincinnati, Ohio, for plaintiffs.

Charles H. Wilson, Jr., West Union, Ohio, for defendant.

## ORDER ON APPLICATION FOR REMAND

BURTON PERLMAN, Bankruptcy Judge.

On May 12, 1981 debtors removed to this court an action entitled *Gary Mercer v. Vicki Mercer*, Case No. 80 B.R. 144, then pending in the Court of Common Pleas of Highland County, Ohio. Defendant Vicki Mercer now moves to remand the case to the state court. The state court proceeding was in a divorce or dissolution suit which had been concluded, the specific removed pending matter in the state court being a motion by Vicki Mercer that plaintiff Gary Mercer be punished for contempt for failure to make certain payments required of him by the prior order of the Highland County Common Pleas Court. Debts dealt with in the prior order and in the motion to punish for contempt have been listed in the bankruptcy petition of debtor Gary Mercer, and the question of dischargeability of those debts pursuant to 11 U.S.C. § 523 must be determined.

In an earlier proceeding in this case we denied relief where debtor sought to enjoin the continuing consideration in the state court of the contempt proceeding. The grounds for such denial was that our jurisdiction is concurrent with the state court, not exclusive, with respect to the subject matter here at hand. 28 U.S.C. § 1471(b). Debtor then removed the case.

One ground asserted for remand is that debtors in their removal documents failed to comply with the requirements of Interim Rule 7004 that the application be verified and that there be attached to the application a copy of all process and pleadings. Counsel for debtor subsequently filed a separate verification. We find that this ground for remand is not well taken and it is hereby overruled.

Applicant additionally bases her motion on a failure to comply with Interim Rule 7004(a)(2) in that the application was not filed within 30 days after the service of summons upon defendant. The state court motion to punish for contempt was filed November 10, 1980 (the bankruptcy petition of Gary & Christina Mercer was filed October 30, 1980). The state court motion came on to be heard by a trial Referee on January 6, 1981. The Referee issued a report dated January 16, 1981. A judgment was entered by the Court (undated) on the Referee's findings and recommendations. Debtor Gary Mercer then moved in the state court for review of and appeal from the Referee's decision. This was served on April 20, 1981. On April 22, 1981, debtors filed in this court Complaint to Determine Dischargeability of Debt. Thus, it is clear

that debtor Gary Mercer did not comply with the time requirement of 7004(a)(2) which in this case would have expired 30 days from the time the motion to punish for contempt was filed on November 10, 1980, that is, on December 10, 1980. As we see it, the question is whether that time requirement should be waived.

■ The statute regarding removal to Bankruptcy Courts, 28 U.S.C. § 1478, includes no time limitation on removal. Interim Rule 7004 which does contain such a limitation does not have the force of law, for it is in nature only a local rule of court. This being the case it is entirely within the discretion of the court as to whether the time requirement of Interim Rule 7004 should be waived. On the particular facts of this case we have concluded that the Rule should not be waived and that the case should be remanded.

A consideration which suggests a contrary result is the statement in the legislative history that what constitutes alimony, maintenance, or support, (which embraces the question on dischargeability here) is to be determined under bankruptcy law, not state law. Senate Report No. 95–989 95th Cong., 2nd Sess. (1978) 77–79, U.S.Code Cong. & Admin.News 1978, p. 5787. Despite this consideration, we have reached the result already indicated. We have already commented that the state court does have subject matter jurisdiction regarding the question presented, and therefore it is clear that Congress did not feel it inappropriate for state courts to be deciding questions according to general bankruptcy law rather than state law. When this is coupled with the fact that the removal was not made until after the process of consideration and adjudication in the state court was well under way, indeed, a decision by a Referee had been rendered, we are compelled to the conclusion that it would be inequitable now to start the process over again in this court. See *General Exporting Co. v. Star Transfer Line*, 136 F.2d 329 (6th Cir., 1943); *Sexton v. Barry*, 233 F.2d 220 (6th Cir., 1956).

The motion to remand is granted.

SO ORDERED.