**In re Thomas Langdon GURNEY, Debtor.**

**Deanna K. GURNEY, Plaintiff,**

**v.**

**Thomas Langdon GURNEY, et al., Defendants.**

**Bankruptcy No. 81–00040–S. Adv. No. 81–1607–S.**

United States Bankruptcy Court, W. D. Missouri, S. D.

May 11, 1982.

Max W. Lilley, Springfield, Mo., for debtor/defendant.

Gary A. Love, Springfield, Mo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Thomas Langdon Gurney, Debtor and defendant herein, and Deanna K. Gurney, Plaintiff, were married in 1958. In 1978 Thomas Gurney filed a petition in Fresno, California for the dissolution of that marriage. The Marriage Settlement Agreement entered into by the parties in connection with that dissolution purported to equally divide the community property. Deanna Gurney subsequently filed suit in the Superior Court of California, County of Fresno, in 1980, Case No. 168088, the pleadings of which are not before this Court. In the judgment entered in that case on September 23, 1980, Thomas Gurney was found to have fraudulently misrepresented the value of certain specific items of marital property and in addition to have obtained by fraud the possession of more than his half of the community property. The Court found further that the property had not in fact been equally divided under the original agreement and that the former wife held an undivided one-half interest in those community property assets. Judgment was entered for her in the amount of $327,891.67.

As a result of the California Court's findings, Thomas Gurney was determined to have held the community property assets in their various and changing forms in trust for his former wife and at all times lacked the capacity to dispose of the property for other than true value. A trust was imposed on all assets then held by the former husband, whether the title was shown as being held by him alone or jointly with others. The trust is to last until the judgment is satisfied. Thomas Gurney was also directed to pay Deanna Gurney $450.00 per month for support.

Plaintiff sought to register the judgment in Missouri by filing a two count petition in the Circuit Court of Barry County, Missouri, where the defendant now resides with his present wife, Deronda. Count One of the petition prays for registration of the judgment. Count Two asks that all property titled jointly in the names of Thomas and Deronda Gurney which had been transferred for less than fair market value be declared a part of the trust imposed by the California Court. The defendant filed his voluntary petition in bankruptcy on January 7th, 1981. The California judgment was scheduled as an unsecured debt owing to plaintiff.

The First Meeting of Creditors was held in Springfield, Missouri on January 23, 1981. The minute sheet from that first meeting shows the debtor as present and that Plaintiff was represented by counsel. The meeting was continued and final examination was held on July 13, 1981. In its initial Order, the Court set February 23, 1981 as the last date for filing complaints objecting to the discharge of debtor or complaints to determine the dischargeability of the debt. No motions were filed seeking extensions of time to file such complaints until August 13, 1981. On September 11, 1981, plaintiff filed her Complaint in five counts, seeking, in addition to a determination of dischargeability of the debts, removal of the state court action. On October 22, 1981, the defendant filed a Motion to Dismiss.

### I.

Count One of the Plaintiff's Complaint objects to the discharge of the judgment debt based on § 523(a)(2), (4), (5) or (6) of Title 11, U.S.C. The basis of this claim is the Finding of Facts of the California Court indicating that the judgment is based upon deliberate and intentional fraud on the part of the Defendant, Thomas Gurney. Defendant's answer to this is, inter alia, that the Complaint as to these particular objec-

tions was not timely filed and as a result, the debt was discharged as a matter of law. Defendant also contends that Plaintiff, being out of time, did not show excusable neglect required by the Rules of Bankruptcy Procedure sufficient to allow this Court to permit the filing of the Complaint.

Section 523 of the Bankruptcy Code provides, in pertinent part, that

(a) A discharge under § 727, ... of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services ... by—

(A) false pretenses, a false representation or actual fraud.

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Section 523 provides further, however, that

(c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4) or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

The other paragraphs of subsection (a) of Section 523, and the conditions of § 727 are not applicable to the facts of this case.

If a complaint objecting to the discharge based on § 523(a)(2), (4), or (6) is not filed within the time set by the Court, the debt is discharged as a matter of law unless a party requests that the time for filing be enlarged pursuant to Rule 906.

Under Rule 906(b):

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect,"

The Rules of Bankruptcy Procedure sets the time allowed for determining the dischargeability of a debt. Rule 409(a) states that:

(1) A bankrupt or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt. Except as provided in paragraph (2) of this subdivision, the complaint may be filed at any time and a case may be reopened without the payment of an additional filing fee for the purpose of filing a complaint under this rule.

(2) The court shall make an order fixing the time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors ...

The last date set by the court for the filing of complaints was February 23, 1981. The plaintiff's application for extension of time was filed on August 13, 1981, clearly beyond the time limit allowed by Rule 409(a).

The order for relief issued by the Court after the filing of the petition is clear on its face. Paragraph three of that order states that the last date for filing complaints objecting to the discharge of the debtor and/or complaints to determine the dischargeability of a debt is February 23, 1981. The continuance of the first meeting of creditors does not automatically change this order of the court. The only automatic modification is found in Local Rule 10.

"In the event the debtor fails to appear for examination on the date first set for the meeting of creditors, the time for filing objections to discharge and complaints to determine dischargeability of a debt shall automatically be extended for thirty (30) days subsequent to his appearance and the completion of his examination at a continued meeting of creditors."

While the last portions of Local Rule 10 are somewhat ambiguous, the event that triggers the automatic extension—the failure of the debtor to appear at the date first set—is stated plainly. Gurney appeared at the date first set. Plaintiff's counsel was also present at that time. The provisions of Local Rule 10, therefore, are inapplicable to the situation here.

While the Court has the discretion under Rule 906(b)(1) to grant an extension of time where the original period has not expired, the same is not necessarily true where that original period has expired. After the time for filing has passed, the grant of additional time may be made only upon the showing of "excusable neglect." Rule 906(b)(2), Rules of Bankruptcy Procedure. *In re Rogers*, 2 B.R. 485, 486 (Bkrtcy. W.D.Va.1979), *In re Gentry*, 1 CBC 433 (Bkrtcy.W.D.Va.1974). The burden of proving such neglect in order to gain the extension is on the party requesting the relief, *Rogers*, supra at 487. Plaintiff contends that on each occasion that the first meeting of creditors was continued, counsel for Plaintiff asked the Trustee Co-Ordinator whether that meant that Plaintiff had an additional thirty days to file her objections. The answer was, according to the plaintiff, in the affirmative. Counsel now

claims that reliance on this statement constitutes the excusable neglect required by Rule 906.

To constitute "excusable neglect" under the Rule, something more than ordinary negligence must be shown. It must be something that could not have been prevented by diligence on the part of counsel. *In re Blane*, 1 B.C.D. 176, (Bkrtcy.E.D.Va. 1974), *In re Parrish*, 13 B.R. 539, 8 B.C.D. 285 (Bkrtcy.W.D.Ky.1981). The current trend. in case law is toward a strict interpretation of the phrase. *In re Grethen*, 14 B.R. 221, 223 (Bkrtcy.N.D.Iowa 1981) cited *Beneficial Finance Co. v. Manning*, 4 B.C.D. 304 as setting the appropriate standard as "the failure to timely perform a duty to circumstances which were beyond the reasonable control of the person whose duty it was to perform."

This Court does not find that the actions of counsel for Plaintiff rise to the level of excusable neglect. The Court also finds that the other rationale offered for the late filing are not persuasive. The Complaint as to dischargeability of the debt on the basis of § 523(a)(2), (4) or (6) is filed out of time and cannot now be allowed.

Count One also alleges that the debt is not dischargeable under § 523(a)(5). The allegations of Count One, however, address only the issue of fraud and not alimony or support. Plaintiff is given fifteen (15) days from the date of this Order to amend Count One of her Complaint to set forth a cause of action under § 523(a)(5).

II.

In her second count Plaintiff seeks to remove to the Bankruptcy Court the action which was brought in State Court to register the California judgment. Interim Bankruptcy Rule 7004 outlines the procedure for removal.

(a) Application.

(1) Form and Content. A party desiring to remove any civil action or proceeding from a federal or state court shall file in the bankruptcy court for the district and division within which such action is pending a verified application containing

a short and plain statement of the facts which entitle him or them to removal together with a copy of all processes and pleadings.

(3) Time for filing by any party. If the civil action or proceeding stated by the initial pleading is not within the jurisdiction of the bankruptcy court when initiated, an application for removal may be filed by a party within 30 days after the order for relief in the case under the Bankruptcy Code.

(b) Bond. Except where a trustee or debtor in possession in a case under the Bankruptcy Code or the United States is an applicant, each application for removal of a civil action or proceeding shall be accompanied by a bond with good and sufficient surety conditioned that the party will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the civil action or proceeding was not removable or was improperly removed."

Defendant, in his Motion to Dismiss objects to this count on the grounds that the Petition for Removal was not timely filed, that the Petition was not accompanied by the required bond, and that a notice of the Removal was not filed in the state court. Plaintiff answers that the failure to post a bond and the failure to verify her petition are mere details which are cureable even after the time for removal has passed.

■ Even given that the bond could be posted after the time for filing had expired and that the failure to verify the petition and to file the notice in state court could be subsequently cured, the untimely filing of the petition itself may be fatal. Although it is not jurisdictional, the filing provision is a formal rule of procedure and must be strictly complied with. *Friedrich v. Whittaker Corporation,* 467 F.Supp. 1012 (DC Texas 1979); *Percell's, Inc. v. Central Telephone Company,* 493 F.Supp. 156 (DC Minn. 1980). Where the right of removal has been lost by failure to file the petition within the statutory period it cannot be restored by order of the court nor the stipulation of the parties. *Albonetti v. G.A.F.*

*Corporation Chemical Group,* 520 F.Supp. 825 (DC Texas 1981); *Perrin v. Walker,* 385 F.Supp. 945 (DC Ill.1974). Furthermore, the period for removal may not be varied by voluntary action or excusable neglect on the part of counsel, nor enlarged by the Court in the exercise of its discretion. *Wisseman v. LaChance,* 209 F.Supp. 807 (DC N.C. 1962).

■ Bankruptcy Courts in California (*In re McCallum,* 7 B.R. 76, 6 B.C.D. 1223, Bkrtcy. CD Cal.1980), Connecticut (*Matter of Circle Litho, Inc.,* 12 B.R. 752 (Bkrtcy. Conn.1981), and Ohio (*In re Mercer,* 14 B.R. 1002, 7 B.C.D. 1381 (Bkrtcy.S.D.Ohio 1981) have considered the question of timeliness of removal. Only the *McCallum* decision regarded the 30 day rule as mandatory. In the other decisions, the time limit was considered discretionary because it was omitted from the statute (Section 1478, Title 28, U.S.C.) and is contained only in the Interim Rules which are without the force of law.

The legislative history of the removal statute notes that the "subdivision of the rule conform substantially to the section of the Judicial Code pertaining to removal to the district court . . . Timely exercise of the right to remove is as important in the bankruptcy context as it is when the removal is from a state court to a district court." There is much force to the argument that the timeliness of the removal, if beyond the 30 day period, is a question to be addressed to the sound discretion of the Bankruptcy Court if, for no other reason because the Bankruptcy Court has the unreviewable power to abstain.

At the same time, the time constraints of the Rule, since they copy the civil procedure statute, are entitled to more weight than being regarded merely as local rules. There is no question but that removal was untimely. Remand will not deprive plaintiff of a forum. In addition, the subject matter of the litigation—the registration of a foreign judgment—is particularly within the jurisdiction of the state court. The defendant's Motion to Dismiss Count II is treated as a Motion to Remand and is SUSTAINED.

### III.

■ Count Three asks that the court enter an order directing sums of money on deposit in the California trust account be turned over to the Plaintiff on the grounds that they are either separate marital property or are funds specified to satisfy the judgment as outlined in the California Court's imposition of the trust.

The Court held in its consideration of Count Two that the registration of the foreign judgment properly remains in the state court. Fundamental questions concerning that judgment and the satisfaction thereof are also properly a subject for the state court, inasmuch as evidence in one matter will necessarily bear on the other. Therefore, in the interest of justice this court abstains from ruling on the nature of the funds held in trust. 28 U.S.C. § 1471(d).

### IV.

■ Count Four alleges that the schedules of the debtor reveal transactions which may or may not have been fraudulent insofar as they were made with the intent to hinder, delay or defraud creditors, and asks that the transfers be set aside. Plaintiff offers no statutory basis for this request, however, from the tenor of the complaint, it is presumably based on Section 548 of the Code.

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believe that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

Defendant contends that the debtor is an improper party to bring this complaint and that it should be dismissed. Plaintiff does not attempt to defend her position as a proper party plaintiff under a statute which apparently permits the action to be brought by only one party, the trustee. For other reasons, it becomes unnecessary to address the question.

The Quit Claim Deed which evidences the only specified transaction in question is dated February 27, 1979 and was filed with the Clerk of Barry County on March 13, 1979. This transfer, then, occurred some 21 months prior to bankruptcy and 18 months before the California Court set aside the original property settlement agreement. It also took place shortly after the debtor married his present wife, Deronda, and had the effect of putting the property into the marital estate to be held in tenancy by the entireties.

The statute requires that the transfer sought to be set aside shall have occurred within one year before the date of the filing of the petition. The only transfer brought to the court's attention was completed long before the one year limit. There are no other obligations which state a cause of action. Section 509.160 R.S.Mo.1969, *Shepherd v. Woodson*, 328 S.W.2d 1 (Mo.1959); *Duvall v. Stokes*, 270 S.W.2d 419 (Mo.App. 1954). Count IV must be dismissed. This dismissal does not, however, preclude the bringing of an action in the state court on the matter of the propriety of the transfer as a matter of state law.

### V.

■ Plaintiff requests in Count Five of her Complaint that this Court order an

98

accounting of the transactions involving the Declaration of Trust of May 17, 1974, until the date of the filing of the Complaint in Bankruptcy Court and that the Court further order an accounting of all partnership transactions involving Defendants herein with the debtor from the time of the dissolution of the marriage until the present. Count Five further asks that this Court declare any assets which might be uncovered in such an accounting to be property of the trust imposed by the California Court.

Count Two of the Plaintiff's State Court Petition prays specifically for an accounting by the trustee of the California trust of all properties held in that trust. This Court has held that the action below is no longer removable and will not therefore entertain a separate complaint concerning matters properly before another forum. As was discussed in connection with Count Three of this Complaint, the property which is subject to trust and potentially available to satisfy a judgment against the Defendant, should one be registered in the State of Missouri, is best determined by the state court under the circumstances. Count Five of this Complaint is, therefore, DISMISSED.

It is hereby ORDERED:

1. That plaintiff be given fifteen (15) days from the entry of this Order to file an amended complaint to set forth a cause of action under § 523(a)(5). In all other respects Count One is dismissed for having been filed out of time;

2. That with respect to Count Two, the time for removal to this Court had passed at the time the petition was filed and the action is no longer removable. The action is remanded to the state court.

3. That as to Counts Three and Five, the matters are properly before the state court and this court will abstain from their consideration. They are, accordingly, DISMISSED.

4. That Count Four is DISMISSED for failure to state a cause of action on which relief can be granted.