In re Niels F. JACKSEN and Susan P. Jacksen, Debtors.

Niels F. JACKSEN and Susan P. Jacksen, Plaintiffs,

v.

Thomas M. READ and Sandra A. Read, Defendants.

Bankruptcy No. 971–1–80–167 (Pending in N.D.Cal.).
Adv. No. 205–5–81–0246.

United States Bankruptcy Court, D. Connecticut.

Dec. 15, 1982.

John F. Kavanewsky, Jr., Busek & Kavanewsky, Norwalk, Conn., for plaintiffs.

Thomas L. Kanasky, Levin & Charmoy, Bridgeport, Conn., for defendants.

MEMORANDUM AND DECISION ON DEFENDANTS' MOTION TO ABSTAIN—28 U.S.C. § 1471(d)

ALAN H.W. SHIFF, Bankruptcy Judge.

I.

BACKGROUND

This matter comes before the court on the defendants' Motion to Abstain from hearing a proceeding instituted by the plaintiffs-debtors for damages arising out of the use and occupation of premises formerly owned by the debtors. A brief sum-

mary of the salient events leading to this proceeding will provide the necessary background for this decision.

1. The premises which are the subject of this controversy are located in Ridgefield, Connecticut.

2. On March 9, 1981, the plaintiffs (debtors) filed an adversary proceeding in the United States Bankruptcy Court for the Northern District of California, where their Chapter 11 case is pending.

3. The debtors' complaint, seeking ejectment and damages was transferred to the District of Connecticut at Bridgeport on June 29, 1981.

4. On April 21, 1982, the debtors filed a substituted complaint seeking, *inter alia,* damages for the "reasonable value of use and occupancy until delivery of possession of the premises plus interest". On May 13, 1982, the debtors amended their substituted complaint to request, *inter alia,* damages for past rent and for "the reasonable value of the use and occupation by the defendants plus interest". On June 14, 1982, the defendants filed an answer and counterclaim seeking, *inter alia,* either specific performance in accordance with a lease agreement or damages for fraud. The defendant's first request for relief is now moot since a third party, having obtained relief from the automatic stay, now holds title to the subject property.

## II.

## ISSUE

The defendants urge the court to abstain from hearing this adversary proceeding on the basis that no bankruptcy questions are presented, the resolution of the issues is entirely dependent upon state statutory and case law and the relationship between this proceeding and the Chapter 11 case is remote and contingent. In that latter connection the defendants contend that the debtors instituted this proceeding as a futile attempt to boot-strap a Chapter 11 reorganization without any realistic expectation that success would provide sufficient funds to achieve that purpose.

The debtors, on the other hand, seek the retention of this proceeding on the basis that the formulation and funding of their plan depends upon the speedy resolution of their claim which, they contend, is not possible in state court.

The parties agree that this court has jurisdiction over the subject matter of this proceeding by virtue of the broad grant of jurisdiction conferred upon bankruptcy courts by 28 U.S.C. § 1471(b) and (c).[1] Under that section, this court presently[2] has nonexclusive jurisdiction over "all civil proceedings ... arising in or related to cases under Title 11." Bankruptcy courts were, however, permitted under Section 1471(d) to decline to exercise that jurisdiction "in the interest of justice."[3]

Thus, to achieve one of the major objectives of the Bankruptcy Reform Act, namely—the reduction of costly and time consuming litigation over jurisdiction which plagued the former law—Congress gave bankruptcy courts vastly expanded subject matter jurisdiction while, at the same time,

---

1. 28 U.S.C. § 1471

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

2. The constitutionality of this jurisdictional grant was rejected by the United States Supreme Court in *Northern Pipeline Construction*

*Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) effective October 4, 1982. The effective date of *Marathon* has been extended to December 24, 1982.

3. 28 U.S.C. § 1471

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

the nonreviewable authority to abstain from hearing any proceeding in the interest of justice.[4] The question · presented is should this court abstain from hearing this proceeding.

## III.

## DISCUSSION

It has been suggested that the exercise of jurisdiction by bankruptcy courts to the full extent permitted by Section 1471 may impede rather than facilitate the congressional goal of establishing an efficient, convenient and fair bankruptcy judicial system. To relieve docket congestion generated by the vastly expanded jurisdictional grant, Congress provided a means by which bankruptcy courts might abstain "in the interest of justice" from hearing certain proceedings over which they had nonexclusive jurisdiction. In that sense, it has been asserted that the "interest of justice" was intended to include the public interest in an efficient bankruptcy judicial system.[5]

█ It is recognized that federal trial courts have traditionally been called upon to exercise caution in remanding or abstaining from hearing cases over which they had jurisdiction. *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Meredith v. City of Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). In view, however, of an express grant of authority to abstain, buttressed by the nonreviewable aspect of that power,[6] it is apparent that Congress specifically intended to assure the availability of bankruptcy courts to hear cases under the Code over which they had exclusive jurisdiction by providing a means of relieving their dockets of those matters over which they shared jurisdiction with other courts. Accordingly, a motion to abstain should be evaluated in terms of the impact which the challenged proceeding has upon the efficient, convenient and fair administration of the bankruptcy case before the court. If the impact is remote, the public interest in an efficient bankruptcy judicial system would outweigh the interest of the party resisting abstention to a hearing in a bankruptcy court forum.

█ In the instant proceeding, I find on balance that the debtors' cause of action has at best a speculative relationship to their case. The property out of which the controversy arose is no longer property of the estate. Furthermore any success the debtors might achieve in this proceeding should be discounted by the merits, if any, of the defendants' counterclaim. But even if the debtors did prevail and, in addition, defeated the defendants' counterclaim, there was no showing that such success would provide the funds necessary to finance a confirmable chapter 11 plan. In short, this adversary proceeding was not in any but the most speculative way related to the chapter 11 case pending in the Northern District of California.

Accordingly the defendants' Motion To Abstain is granted and IT IS SO ORDERED.

---

4. For an excellent discussion of this subject see Reed, Sagar, Granoff, *Subject Matter Jurisdiction, Abstention and Removal Under the New Federal Bankruptcy Law,* 56 Am.Bankr.L.J. 121 (1982).

5. *See* Note, *Selective Exercise of Jurisdiction in Bankruptcy-Related Civil Proceedings,* 59 Tex. L.Rev. 325 (1981); *see also Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936).

6. It is interesting to note that Congress provided bankruptcy judges with parallel authority to remand cases removed to their courts. *See* 28 U.S.C. § 1478(b).