In the Matter of LIFEGUARD INDUSTRIES, INC., Debtor.

LIFEGUARD INDUSTRIES, INC., Plaintiff,

v.

SAV MORE INSULATION, Defendant.

Bankruptcy No. 1–82–01633.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 19, 1983.

Dennis E. Halaby, Cincinnati, Ohio, for plaintiff.

William T. Neubert, Cleveland, Ohio, for defendant.

ORDER

RANDALL J. NEWSOME, Bankruptcy Judge.

This matter is before the Court pursuant to defendant Sav More Insulation's motion to dismiss and to remand this removed action to the Court of Common Pleas for Hamilton County, Ohio. The May 21, 1982 complaint filed in the Court of Common Pleas alleges that the defendant owes $10,877.76 on an account. On June 10, 1982 the

plaintiff filed a petition in this Court pursuant to Chapter 11 of the Bankruptcy Code. The application for removal of this action was filed on September 29, 1982.

Defendant raises several arguments[1] in support of its motion. It first asserts that this Court lacks subject matter jurisdiction over this suit under 28 U.S.C. § 1471, since the dispute involved lacks a sufficient nexus with the underlying bankruptcy case.

The broad language of 28 U.S.C. § 1471(b) alone requires that this argument be rejected out of hand. That section confers Bankruptcy jurisdiction over all matters "arising under Title 11 or arising in or related to cases under Title 11". Contrary to defendant's suggestion, plaintiff need not prove the allegations of his complaint in order to bring his case within the jurisdictional scope of this section. He need only to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends ...," a "short and plain statement of the claim showing that the pleader is entitled to relief ...," and "a demand for judgment ... " as required by Rule 8 of the Federal Rules of Civil Procedure and Rule 708 of the Bankruptcy Rules. Plaintiff's complaint and application for removal adequately fulfill these requirements.

While this Court has previously noted that the breadth of § 1471(b) is not unlimited [*In Re Lowery Chemical, Inc.,* Adv. No. 1–81–0266 (S.D.Ohio, filed December 8, 1972)], a suit for turnover of assets to the debtor certainly falls within the purview of this section. *See, e.g., In Re Auburn Medical Realty,* 19 B.R. 113, 8 B.C.D. 1107 (Bkrtcy.App., 1st Cir.1982).

Defendant's second jurisdictional argument concerns the effect of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) upon the power of this Court to decide this case. The importance of this issue can hardly be underestimated, particularly in light of the December 24, 1982 expiration of the United States Supreme Court's stay of its decision.

On December 23, 1982 the United States District Court for the Southern District of Ohio adopted an interim rule for operation of the Bankruptcy Court, to be effective until Congress enacts remedial legislation to correct the jurisdictional problem addressed in *Northern Pipeline, supra.* The validity of that interim rule was upheld as constitutional and valid in *In Re Northland Point Partners,* 26 B.R. 860 (E.D.Mich. 1983). For the reasons stated by Judge Robert DeMascio in that decision we hold that this Court has subject matter jurisdiction over this action pursuant to such interim rule.[2]

Having determined that this Court has subject matter jurisdiction over this proceeding, and that the action was therefore properly removed from state court under 28 U.S.C. § 1478(a), the question remains whether "any equitable ground" exists which would entitle the defendant to a remand of this action under § 1478(b). While it may be true, as defendant asserts, that no compelling reason exists for hearing this matter in this Court, it is equally true that no equitable ground exists for remanding it. Unlike the situation in *In Re Mercer,* 14 B.R. 1002 (Bkrtcy., S.D. Ohio 1981), it does not appear as though a decision on the merits, either preliminary or final, has yet been rendered in this proceeding in the state court. Indeed, it would appear as though little, if any, progress has

---

**1.** Defendant has not raised questions as to the procedural regularity of the removal petition under Interim Rule 7004 of the Bankruptcy Rules for the Southern District of Ohio. Accordingly, the Court in its discretion will deem such issues as waived. *See, In Re Mercer,* 14 B.R. 1002 (Bkrtcy.S.D.Ohio 1981).

**2.** Defendant's argument regarding improper venue of the state court action merits little comment. The question of venue is geographical, not jurisdictional in nature. The fact that plaintiff may have filed this proceeding in the wrong county has nothing to do with the *power* of the Court of Common Pleas to adjudicate the issues involved. *See, Brown v. Pyle,* 310 F.2d 95 (5th Cir.1962). Accordingly, the issue of venue in the Court of Common Pleas has no impact upon this Court's removal jurisdiction.

been made towards resolving the merits of this dispute, since the parties are awaiting a determination as to appropriate venue. If the defendant should prevail on the venue question, a resolution of this matter on the merits could be delayed for months. Such delay might hamper the plaintiff's attempts at reorganization under Chapter 11. The broad jurisdictional powers of this Court were enacted to avoid this very problem, and to provide a single forum in which all controversies affecting the debtor's estate could be expeditiously determined. *In Re Brothers Coal Co., Inc.,* 6 B.R. 567 (Bkrtcy. W.D.Va.1980).

■ Defendant's argument regarding abstention is similarly lacking in merit. While this Court clearly has authority under 28 U.S.C. § 1471(d) to abstain from exerting its jurisdiction over a dispute, that authority should be sparingly and cautiously exercised. *In Re Lafayette Radio Electronics Corp.,* 8 B.R. 973 (Bkrtcy.E.D.N.Y. 1981). None of the prerequisites for abstaining exist in this case. No unsettled questions of state law are involved, and no issue of state-federal relations or comity is raised. Furthermore, the interests of orderly judicial administration and fairness to the parties will be furthered by retention of jurisdiction, not abstention. *See, In Re Dublin Properties,* 20 B.R. 616, 9 B.C.D. 350, 353–354 (Bkrtcy.E.D.Pa.1982); *In Re Zamost,* 7 B.R. 859, 7 B.C.D. 34, 35 (Bkrtcy.S. D.Cal.1982); *In Re Lucasa International, Ltd.,* 6 B.R. 717, 6 B.C.D. 1172 (Bkrtcy.S.D. N.Y.1980).

For the above stated reasons, the defendant's motions to dismiss and remand are hereby DENIED.

IT IS SO ORDERED.