In re Jacob F. BUTCHER, a/k/a Jake F. Butcher and Jake Butcher, Debtor.

John R. FRAZIER, Plaintiff,

v.

LAWYERS TITLE INSURANCE COR-
PORATION; and John H. Bailey,
III, Trustee, Defendants.

Adv. No. 84–0651A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 30, 1985.

Glenville Haldi, Atlanta, Ga., for John R. Frazier.

Kenneth L. Millwood, Ronald E. Barab, Smith, Gambrell, Russell & Martin, Atlanta, Ga., for Lawyers Title Ins. Corp.

Joe G. Davis, Jr., Raymond C. Mayer, Cashin & Davis, Atlanta, Ga., for John H. Bailey, III, trustee.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

The above-referenced adversary proceeding was removed to this Court from the State Court of Fulton County, State of Georgia, on October 17, 1984. The adversary proceeding arises in or is related to the Chapter 7 bankruptcy case styled *In re Jacob F. Butcher*, Case No. 3–83–01036, pending in the United States Bankruptcy Court for the Eastern District of Tennessee. This case is before the Court on the motions filed by the defendants, Lawyers Title Insurance Corporation ("Lawyers Title") and John H. Bailey, III, Trustee ("Trustee"), to transfer venue to the United States Bankruptcy Court for the Eastern District of Tennessee and the motion filed by the plaintiff, John R. Frazier ("Frazier"), to remand this case to the State Court of Fulton County.

## BACKGROUND

On or about June 29, 1983, an involuntary Chapter 7 bankruptcy proceeding was commenced against Jacob F. Butcher ("Debtor") in the United States Bankruptcy Court for the Eastern District of Tennessee. Included within the property of the Debtor's estate is 1,000 acres of real property located in Walton County, Georgia ("Property"). A contract was executed on June 12, 1984 between the Trustee, as seller, and Frazier, as purchaser, for the sale of the Property at a price of $2,225,000.00. The proposed sale was made subject to the approval of the Bankruptcy Court, and the closing was to take place on or before ninety (90) days from the date of approval by the Bankruptcy Court. Pursuant to the terms of the contract, Frazier deposited $100,000.00 earnest money with Lawyers Title.

The proposed sale was approved by way of a self-executing Order dated June 21, 1984. The June 21, 1984 Order stated that objections to the proposed sale were to be filed not later than July 13, 1984 and served upon the Trustee; the hearing date for any such objections was July 18, 1984. No written objections were filed, so the June 21, 1984 Order became final.[1]

The closing was specifically set for September 13, 1984. The closing did not take place on that date and has not since taken place. Frazier filed suit in the State Court of Fulton County on September 14, 1984 to recover the $100,000.00 earnest money deposit from Lawyers Title. The Trustee was not a party to the Georgia law suit, and on September 18, 1984, the Trustee filed suit in the United States Bankruptcy Court for the Eastern District of Tennessee to recover the $100,000.00 earnest money deposit. The Trustee was added as defendant in this proceeding by Order of the Court entered October 17, 1984.

## PENDING MOTIONS

Lawyers Title filed its motion to transfer venue on October 30, 1984, and the Trustee filed a motion requesting the same relief on November 5, 1984. Frazier did not file a timely response to either motion and is

---

1. Frazier's counsel, Glenville Haldi, Esq., voiced an oral objection to the proposed sale during the hearing. However, the Bankruptcy Court did not consider the merits of Frazier's objection, since Frazier failed to file a written objection.

technically deemed unopposed to the motions under the Local Rules of this Court. On November 20, 1984, Frazier filed his motion to remand this case back to the State Court.

Before reaching these procedural motions, two preliminary matters must be addressed. First, Frazier filed a motion on November 20, 1984 to request that he be allowed to file an untimely response to the motions to transfer venue. The Court shall grant this motion to permit a consideration of the merits of the dispute concerning the appropriate forum for this litigation. Secondly, Frazier filed on November 20, 1984 a motion to delay the filing of "defenses, constitutional issues, cross-claims, and other matters" until the Court has ruled on the motion to remand. Apparently, Frazier challenges the constitutionality of the present Bankruptcy Court structure and the capacity of a trustee in bankruptcy to enter into a contract. The Court agrees that these matters need not be pursued unless and until a determination is made that the case will continue in a United States Bankruptcy Court.

## DISCUSSION

### A. FACTS

The facts, as they pertain to the pending motions, are not in dispute. The Trustee and Lawyers Title assert that the Property is property of the estate under Bankruptcy Code § 541(a)(1); [2] that the contract is property of the estate under Bankruptcy Code § 541(a)(7); [3] and that Frazier knew he was dealing with a trustee in bankruptcy concerning property of the Debtor's bankruptcy estate. The facts urged by Frazier are that the Property is located in Georgia; that the contract was executed in Georgia; that the contract calls for the application of Georgia law; that the contract was to be performed in Georgia; and that essentially all the witnesses, except the Trustee, are located in Georgia. Also of importance is the fact that the Trustee filed a lawsuit in the United States Bankruptcy Court for the Eastern District of Tennessee, which lawsuit is virtually identical to the suit removed to this Court.

### B. JURISDICTION AND VENUE, GENERALLY

Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (July 10, 1984), jurisdiction over the breach of contract dispute between Frazier and the Trustee is vested in the United States Bankruptcy Courts through 28 U.S.C. §§ 1334(b),[4] 151,[5] 157(a).[6] Venue lies in the United States Bankruptcy Court for the Eastern

---

**2.** "(a) The commencement of a case under [sic] section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

\*  \*  \*  \*  \*  \*

(7) Any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a).

**3.** *See* footnote 2, *supra.* "An example of the application of section 541(a)(7) would be if the trustee entered into a contract after the commencement of the case. The estate's interest in such a contract would, pursuant to section 541(a)(7), be property of the estate." 4 *Collier on Bankruptcy* ¶ 541.20, at 541–94 (15th ed. 1984).

**4.** "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

**5.** "In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court." 28 U.S.C. § 151.

**6.** "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). *See* Standing Order of the

District of Tennessee under 28 U.S.C. § 1409(a) (formerly 28 U.S.C. § 1473(a)).[7] There is some question as to whether proper venue lies in the United States Bankruptcy Court for the Northern District of Georgia.[8]

## C. TRANSFER OF VENUE

■ The Trustee and Lawyers Title bring their motions to transfer venue pursuant to Bankruptcy Rule 7087[9] and 28 U.S.C. § 1412 (formerly 28 U.S.C. § 1475). The statute states that: "A district court may transfer a case or proceeding under title 11 to a district court for another district, *in the interest of justice or for the convenience of the parties."* (Emphasis added.) The decision to transfer or retain a case lies within the sound discretion of the Court. *In re Med General, Inc.,* 17 B.R. 15, 17–18 (Bkrtcy.D.Minn.1981). The burden of proving that a transfer of venue is appropriate under 28 U.S.C. § 1412 falls upon the party requesting such transfer. *In re Nixon Machinery Company,* 27 B.R. 871, 872 (Bkrtcy.E.D.Tenn.1983); *In re Whippany Paper Board Company, Inc.,* 15 B.R. 312, 317 (Bkrtcy.D.N.J.1981); *In re Cole Associates, Inc.,* 7 B.R. 154, 157 (Bkrtcy.D.Utah 1980). The burden must be carried by a preponderance of the evidence. *In re Whippany Paper Board Company, Inc.,* 15 B.R. at 317.

■ The factors for the Court to consider in determining whether the transfer would be "for the convenience of the parties" are as follows:

1. The proximity of creditors of every kind to the Court;

2. The proximity of the debtor to the Court;

3. The proximity of the witnesses necessary to the administration of the estate;

4. The location of the assets;

5. The economic administration of the estate; and

6. The necessity for ancilliary administration if bankruptcy should result.

*In re Paul Rothman Industries, Ltd.,* Case No. 84–03194A (Bkrtcy.N.D.Ga., September 13, 1984) (Kahn, B.J.) (citing *In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1247 (5th Cir.1979)).[10] The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate. *In re Commonwealth Oil Refining Company, Inc.,* 596 F.2d at 1247; *In re Cole Associates, Inc.,* 7 B.R. 154, 157 (Bkrtcy.D.Utah 1980) ("If one factor be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of the estate"); *In re Nixon*

---

United States District Court for the Northern District of Georgia dated July 12, 1984; Standing Order of the United States District Court for the Eastern District of Tennessee dated July 11, 1984.

7. "Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a).

8. The Trustee concedes that venue might possible lie in this Court through 28 U.S.C. § 1409(e) (formerly 28 U.S.C. § 1473(e)). This provision states that: "A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under appli-

cable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending." 28 U.S.C. § 1409(e).

9. "On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1475 and § 1477, except as provided in Rule 7019(2)." Bankruptcy Rule 7087.

10. *Commonwealth Oil* was decided under the former Bankruptcy Act. However, as found by Judge Kahn, *Commonwealth Oil* is still binding authority for cases decided under the Bankruptcy Code. *Foreman Industries, Inc. v. General Motors Corporation,* 34 B.R. 712 (S.D.N.Y.1983); *In re Consolidated Pier Deliveries, Inc.,* 34 B.R. 327 (Bkrtcy.E.D.N.Y.1983); *In re Island Marina, Ltd.,* 26 B.R. 505 (Bkrtcy.N.D.Ill.1983). *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (decisions from the Fifth Circuit Court of Appeals entered on or before September 30, 1981 are binding in the Eleventh Circuit).

*Machinery Company,* 27 B.R. 871, 873 (Bkrtcy.E.D.Tenn.1983) ("In a bankruptcy case, a paramount consideration is speedy and economic administration of the bankruptcy case. This consideration underlies the general rule that the court where bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction").

■ In the case *sub judice,* the economic administration of the estate would best be served by transferring venue to the United States Bankruptcy Court for the Eastern District of Tennessee. The Trustee is administering an enormous and complex bankruptcy estate through that Court. Enabling the Trustee to litigate disputes in that Bankruptcy Court expedites the bankruptcy proceedings for all parties in interest. The fact that the tangible asset, the Property, is located in Georgia is of little or no consequence. At this juncture, the litigation concerns the rights of the bankruptcy estate versus the rights of Frazier under the contract.

Although witnesses from Georgia would be inconvenienced by a transfer of venue, their inconvenience is outweighed by the loss of efficiency that would result if the Trustee were forced to travel to Georgia to litigate this case. Neither convenience nor justice would be served by litigating the contract dispute in two different courts—to the detriment of the Trustee's ability to administer the Debtor's estate.

**11.** "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

**12.** "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of

## D. REMAND TO THE STATE COURT OF GEORGIA

Removal of the action pending in the State Court of Fulton County was effected by Lawyers Title pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452(a) (formerly 28 U.S.C. § 1478(a)).[11] Authority to remand this action is found in 28 U.S.C. § 1452(b), which states that:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

Frazier asserts that the mandatory abstention provision set forth in 28 U.S.C. § 1334(c)(2)[12] supports his contention that this case should be remanded. However, this section is not applicable, inasmuch as the bankruptcy case was commenced in 1983, and Congress gave 28 U.S.C. § 1334(c)(2) prospective application only.[13]

■ A factor to be considered in regard to the motion to remand is the effect that the decision to remand would have upon the efficient and economic administration of the estate. *In re Lifeguard Industries, Inc.,* 26 B.R. 858, 860 (Bkrtcy.S.D. Ohio 1983); *In re Jacksen,* 25 B.R. 587, 589 (Bkrtcy.D.Conn.1982). This factor weighs against remand of the adversary proceeding to the State Court of Fulton County for the reasons stated in the preceding section.

the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy." 28 U.S.C. § 1334(c)(2).

**13.** Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 122(b), 98 Stat. 333 (July 10, 1984).

Frazier argues that the litigation involves questions of state law and should be decided in a state court which routinely hears such disputes. However, that argument was rejected by this Court in *In re Unity Foods, Inc.*, 35 B.R. 876 (Bkrtcy.N.D.Ga.1983), where the dispute does not involve *unsettled* questions of state law. *Accord, In re Lifeguard Industries, Inc.*, 26 B.R. at 860. Because the lawsuit was removed in its beginning stages, the decision to retain jurisdiction will not involve a duplication of judicial effort. *Cf. In re Mercer*, 14 B.R. 1002 (Bkrtcy.S.D.Ohio 1981); *In re Tidwell*, 4 B.R. 100 (Bkrtcy.N.D.Tex.1980). In fact, the decision to retain jurisdiction and transfer venue to the United States Bankruptcy Court for the Eastern District of Tennessee will thwart the duplication of effort that would result if separate suits were conducted in the State Court of Fulton County and the United States Bankruptcy Court for the Eastern District of Tennessee.

CONCLUSION

On the basis of the foregoing, it is ORDERED:

1. That the "Motion to Allow Response to Motion for Change of Venue" shall be and is hereby GRANTED;

2. That the "Motion to Delay Filing Defenses, Constitutional Issues, Cross-Claims, and Other Matters" shall be and is hereby GRANTED. Frazier shall have at least ten (10) days from the date below in which to file the pleadings of the nature discussed in this motion. The absolute deadline for filing such matters shall be determined by the United States Bankruptcy Court for the Eastern District of Tennessee;

3. That the "Motion to Remand Case to State Court of Fulton County" shall be and is hereby DENIED; and

4. That the "Motion for Transfer of Venue" and the "Motion for Change of Venue" shall be and are hereby GRANTED.